IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL CONCRETE CORP., an Illinois corporation, <br><br> Defendant. | Judge <br><br> Case No.: 20-cv-2599 |

## COMPLAINT

Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Health & Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health & Welfare Fund, and Catherine Wenskus, not individually but as Administrator of the Funds, (collectively the "Funds"), by their attorneys Patrick T. Wallace, Amy N. Carollo, G. Ryan Liska, Katherine C.V. Mosenson and Sara S. Schumann, and for their Complaint against Global Concrete Corp., state:

### COUNT I

**(Failure to Submit Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, and 29 U.S.C. §185(a), 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Global Concrete, Corp., (hereinafter collectively referred to as "Global" or the "Company") is an Illinois corporation and at all times relevant did business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). At all times relevant herein, the Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017 (A true and accurate copy of the Independent Construction Industry Collective Bargaining Agreement signed by the Company which adopts and incorporates the various area-wide collective bargaining agreements and the Funds' respective Agreements and Declarations of Trust is attached hereto as Exhibit A).

7. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

8.  The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

9.  The Company is obligated to pay between 10% liquidated damages on late-paid contributions, 20% liquidated damages on late-paid, Pension, Welfare, Retiree Welfare and Training Fund contributions, plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust requires the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

12. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company performed covered work during the months of November 2019 and December 2019 but failed to pay the Funds all required contributions. According to fringe benefit reports submitted but not paid the Company:

    (a)  failed to pay contributions in the amount of $44,264.75 for the month of November 2019 thereby depriving the Pension, Welfare, Retiree Welfare and Training Funds of information and income necessary to administer the Funds;

(b) failed to pay contributions in the amount of $26,461.50 for the month of December 2019 thereby depriving the Pension, Welfare, Retiree Welfare and Training Funds of information and income necessary to administer the Funds;

13. The Company failed to submit timely payment of its November 2019 and December 2019 reports which resulted in 20% liquidated damages being assessed against these reports. Accordingly, the Company owes $14,145.25 in accumulated liquidated damages on those late-paid reports plus interest and $109.88 in liquidated damages previously assessed against the Company for delinquent payments.

14. The Company's actions in failing to submit timely payment of benefit contributions reports violates Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant Global Concrete, Corp. as follows:

a. Entering judgment in favor of the Funds and against Defendant Global Concrete Corp. for unpaid contributions reported but not paid for November 2019 and December 2019 totaling $70,726.25 plus 20% liquidated damages, interest, accumulative liquidated damages previously assessed, reasonable attorney fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit DuesContributions)

15. Plaintiffs re-allege paragraphs 1 through 14 of Count I as this paragraph 15.

16. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

17. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has failed to submit and pay dues reports for the period of December 2019 forward.

18. The Company has failed to timely submit and pay dues reports for the month of November 2019 and therefore owes in accumulated liquidated damages on late paid dues reports in the amount of $301.67 plus additional accumulated damages as a result of the late payment of the December 2019 forward dues reports.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Global Concrete, Corp.:

   a. ordering the Defendant to submit and pay dues reports for the period of December 2019 forward:

   b. entering judgment in favor of Plaintiffs and against the Defendant for any unpaid dues, liquidated damages, accumulated liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and expenses; and

    c.  awarding Plaintiffs any additional legal and equitable relief as the Court deems appropriate.

| | |
|---|---|
| April 29, 2020 | Chicago & Vicinity Laborers' District Council Pension Fund, et al. |
| | By: /s/ G. Ryan Liska |

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540